UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

TYRELL WILLIAMS,

                       Plaintiff,

v.                                     6:12-CV-833
                                                      (MAD/ATB)

LELAND McCORMAC, *et al.*,

                       Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

TYRELL WILLIAMS
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

The Clerk has sent to the court an amended civil rights complaint, together with an application to proceed in forma pauperis (IFP) filed by pro se plaintiff, Tyrell Williams. (Dkt. Nos.1, 2).

**I.**    <u>**In Forma Pauperis (IFP) Application**</u>

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). In his application, plaintiff states that he is currently incarcerated in the Oneida County Jail, and he has no money or assets from any sources. (Dkt. No. 2). Because plaintiff is currently incarcerated and has no assets, the court finds for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall

dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the

plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff claims that on April 4, 2012, he was "denied [his] constitutional right to testify at [his] grand jury hearing." (Compl. ¶ 6). Plaintiff claims that defendants Judge Dwyer, Assistant District Attorney Sabo, and Public Defender McCormac all were involved in not allowing plaintiff to testify before the grand jury, even after plaintiff objected on the record. *Id.* Plaintiff alleges that due to the action/inaction of the defendants, he was "offered 18 years in prison," "face[s] up to 25 years and [plaintiff] was indicted and charged with multiple felonies." *Id.* Plaintiff alleges that things would have gone differently had he been permitted to testify. *Id.*

Plaintiff seeks that his case get "thrown out," that he receive $200,000.00 from Public Defender Leland McCormac, and $200,000.00 from the Oneida County Public Defenders Office. (Compl. ¶ 7).

### A. State Court Prosecution

To the extent that plaintiff's case is still pending in state court, it is well-settled that federal courts may not interfere with pending state criminal prosecutions, absent some extraordinary circumstance, such as bad faith prosecution, unconstitutional laws, or the lack of adequate process in state court for protecting the plaintiff's rights. *Younger v. Harris*, 401 U.S. 37, 43–54 (1971). This abstention is appropriate when there is a pending state proceeding, implicating an important state interest, and the state proceeding will afford the plaintiff an adequate opportunity for review of his federal constitutional claims. *Spargo v. N.Y. State Comm'n on Judicial*

*Conduct*, 351 F.3d 65, 75 (2d Cir. 2003).

Plaintiff alleges that he is currently incarcerated at the Oneida County Jail, and it appears that his criminal case is still pending. The state has an interest in handling its own criminal proceedings without interference, and plaintiff has an adequate opportunity to challenge the charges in state court. *See Miller v. Hourihane*, No. 08-CV-2646, 2008 WL 2795468, *1 (E.D.N.Y. July 18, 2008). Thus, to the extent that plaintiff challenges any aspect of his pending criminal proceeding, the complaint should be dismissed.[1]

### B.  Immunity

Plaintiff has named Judge Dwyer and Assistant District Attorney Sabo as defendants in this action. With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of

---

[1] Even if plaintiff were attempting to challenge or bring an action for damages associated with a *completed* criminal conviction, he would be unable to bring a section 1983 claim for damages at this time. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a Section 1983 action, seeking damages is not cognizable if a decision in plaintiff's favor would necessarily invalidate a criminal conviction, unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. *Id.* at 486–87; *see also Shue v. United States*, No. 10-4019-pr (2d Cir. Apr. 3, 2012) (summary order). A decision in plaintiff's favor in this case would invalidate a criminal conviction. There is no indication that the criminal action in this case has been completed, let alone invalidated.

acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11–12.

Prosecutors also have absolute immunity for actions taken within the scope of their prosecutorial duties. *See Kalina v. Fletcher*, 522 U.S. 118, 124 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 410 ((1976). Although there are circumstances in which a prosecutor would only be entitled to qualified immunity, the initiation and pursuit of a criminal prosecution are "quintessential prosecutorial functions." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005).

There is nothing in plaintiff's complaint that would indicate that Judge Dwyer was acting outside the scope of his judicial capacity. Likewise, there is nothing in plaintiff's complaint that would indicate that Assistant District Attorney Sabo was acting outside his duty in prosecuting plaintiff and bringing the criminal action before the court. Therefore, they are both immune from suit, and the complaint should be dismissed as to Judge Dwyer and Assistant District Attorney Sabo based on absolute immunity.

### C.    Color of State Law

To state a claim under § 1983, a plaintiff must show: (1) the deprivation of any

rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983.

A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). An exception exists where a plaintiff can show a conspiracy to pursue illegal prosecution. *See Tower v. Glover*, 467 U.S. 914, 920 (1984).

In this case, plaintiff's claim against his public defender involves actions that counsel took or is taking while defending plaintiff in the criminal proceeding. Plaintiff claims that defendant McCormac refused to let plaintiff testify before the grand jury. (Compl. ¶ 6). This is related to Mr. McCormac's duty as counsel to plaintiff, and does not constitute state action. (Compl. ¶ 6). Moreover, plaintiff's allegation that Mr. McCormac "ineffectively assisted [plaintiff] and while doing so, allowed [plaintiff's] Due Process to be taken away" is conclusory and does not establish a cause of action under section 1983. *Id*. Accordingly, plaintiff's claims against Mr. McCormac should be dismissed.

### D.     Amendment

If the court is dismissing an action sua sponte for failure to state a claim, the court must give plaintiff an opportunity to amend to cure the defects in the original complaint, unless the court can rule out any possibility that an amended complaint would succeed in stating a claim. *Abbas v. Dixson*, 480 F.3d 636, 639 (2d Cir. 2007). This case is an example of an action in which the opportunity for amendment

should *not* be allowed. The defendants plaintiff names are immune from suit. There is absolutely no basis for a claim under section 1983 based on plaintiff's facts, nor can plaintiff amend in such a way as to state a proper claim.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED** for purposes of filing only, and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be dismissed in its entirety as against defendants without prejudice based on failure to state a claim and based upon absolute immunity under 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 24, 2012

_Andrew T. Baxter_
Hon. Andrew T. Baxter
U.S. Magistrate Judge