**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TYRELL WILLIAMS,**

                            **Plaintiff,**

    vs.                                                  **6:12-cv-833**
                                                               **(MAD/ATB)**

**LELAND McCORMAC, Oneida County Public**
**Defender; MR. SABO, Assistant District Attorney,**
**Oneida County; MICHAEL DWYER, Oneida**
**County Judge,**

                              **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**TYRELL WILLIAMS**
#11230
Oneida County Correctional Facility
6075 Judd Road
Oriskany, New York 13424
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

#### ORDER

      Plaintiff *pro se* brings this civil rights action pursuant to 42 U.S.C. § 1983.  *See* Dkt. No. 1.  In addition to his complaint, Plaintiff also filed a motion for leave to proceed *in forma pauperis*.  *See* Dkt. No. 2.

      In his complaint, Plaintiff claims that on April 4, 2012, he was "denied [his] constitutional right to testify at [his] grand jury hearing."  Dkt. No. 1 at 4.  Plaintiff claims that Defendants Dwyer, Sabo, and McCormac all were involved in not allowing Plaintiff to testify before the grand jury, even after he objected on the record.  *See id.* at 5.  Plaintiff alleges that due to the Defendant's action/inaction, he was "offered 18 years in prison," "face[s] up to 25 years and was

indicted and charged with multiple felonies." *Id.* Plaintiff alleges that things would have gone differently had he been permitted to testify. *Id.*

Plaintiff seeks to have his criminal conviction "thrown out," that he receive $200,000.00 from McCormac, and $200,000.00 from the Oneida County Public Defenders Office. *See id.* at 6.

In an Order and Report-Recommendation dated May 24, 2012, Magistrate Judge Baxter recommended that the Court grant Plaintiff's application to proceed *in forma pauperis* and dismiss Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), based on failure to state a claim and absolute immunity. *See* Dkt. No. 3 at 7. Plaintiff failed to object to Magistrate Judge Baxter's May 24, 2012 Order and Report-Recommendation.

When a party files specific objection to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Baxter's Order and Report-Recommendation and the applicable law, the Court concludes that Magistrate Judge Baxter correctly found that Plaintiff's complaint fails to state a claim. To the extent that Plaintiff's criminal action is still pending in state court, this court must abstain from interfering pursuant to *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Moreover, the complaint is bereft of any allegations suggesting that Defendant Dwyer is not entitled to absolute judicial immunity and that Defendant Sabo is not entitled to

absolute prosecutorial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997). Finally, to the extent that Defendant McCormac was acting in his capacity as an assistant public defender, he was not acting "under color of state law;" and, therefore, Plaintiff has failed to allege a cause of action against Defendant McCormac under section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

In light of the Plaintiff's *pro se* status, Plaintiff will be provided an opportunity to amend his complaint to provide additional factual information in support of his claims.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's May 24, 2012 Report-Recommendation and Order is **ADOPTED** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** without prejudice; and the Court further

**ORDERS** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and the Court further

**ORDERS** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of the date of this Order in compliance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of New York; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of the date of this Order, the Clerk of the Court shall enter judgment dismissing this action without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order and Magistrate Judge Baxter's May 24, 2012 Order and Report-Recommendation on all parties in compliance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 12, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge